IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEVEN CREAR, SR, § | |
|    Plaintiff, § | |
| § | |
| v. § | |
| § | |
| § | Civil Action No. 3:17-CV-2679-L-BK |
| § | |
| U.S. BANK NATIONAL ASSOCIATION, § | |
| AS TRUSTEE, SUCCESSOR IN § | |
| INTEREST TO BANK OF AMERICA, § | |
| NATIONAL ASSOCIATION AS § | |
| SUCCESSOR BY MERGER TO § | |
| LASALLE BANK NATIONAL § | |
| ASSOCIATION, AS TRUSTEE FOR § | |
| CERTIFICATE HOLDERS OF BEAR § | |
| STEARNS ASSET BACKED § | |
| SECURITIES I LLC, ASSET-BACKED § | |
| CERTIFICATES, SERIES 2005-HE10, § | |
|    Defendant. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to District Judge Lindsay's *Order of Reference*, Doc. 9, and 28 U.S.C. § 636(b), *Defendant's Motion for to Dismiss*, Doc. 7, has been referred to the undersigned for a recommended disposition. As detailed herein, Defendant's motion should be **GRANTED.**

**BACKGROUND**

This case is the fourth lawsuit arising out the foreclosure of real property located at 6703 Old Ox. Dr., Dallas, Texas, 75241 (the "Property"). Doc. 7 at 6. In 2005, Plaintiff Steven Crear, Sr. ("Plaintiff") executed a note and deed of trust (the "Deed of Trust") to secure a loan for $114,400 to purchase the Property. Doc. 1-5 at 3-4. In early 2007, the mortgage was transferred to a new mortgagee, U.S. Bank National Association ("Defendant"). Doc. 1-5 at 4. Plaintiff received notice of the transfer, along with notice that the mortgage was in default. Doc.

1-5 at 4. Plaintiff refused to make payments to Defendant as the new mortgagee. Doc. 1-5 at 4. In February 2013, the property was sold by Defendants at a non-judicial foreclosure sale. Doc. 1-5 at 4. Plaintiff subsequently filed a series of lawsuits in state court, each removed to this Court, stemming from Defendant's attempts to evict him. Doc. 1 at 5; *Crear v. US Bank, N.A.*, 3:16-CV-1570-L, 2017 WL 3267925, at *1-*2 (N.D. Tex. June 13, 2017) (Ramirez, J.), report and recommendation adopted, 3:16-CV-1570-L, 2017 WL 3233492 (N.D. Tex. July 31, 2017) (Lindsay, J.)

In the first suit, Plaintiff asserted a single claim to quiet title, arguing that any interest held by Defendant was void because the Appointment of Substitute Trustee was executed by a person purportedly not authorized to execute the transaction, and later amended to add a claim under § 12.002 of the Texas Civil Practices & Remedies Code for the filing of a "fraudulent lien." *Crear*, 2017 WL 3267925, at *1. In the second suit, filed while the first was still pending, Plaintiff asserted claims of "abuse of process," tortious interference with a contract, and violations of the Fair Debt Collection Practices Act. *Crear*, 2017 WL 3267925, at *2. In the third lawsuit ("the Third Suit"), Plaintiff sought declaratory relief, alleging that Defendant failed to foreclose within the four-year statute of limitations, and asserted a fraudulent lien claim under § 12.002(a) of the Texas Civil Practice & Remedies Code, alleging that Defendants "knowingly caused a robo-signer to sign and file a fake Appointment of Substitute Trustee." *Crear*, 2017 WL 3267925, at *2.

Each of the three cases was dismissed with prejudice by this Court. *Crear*, 2017 WL 3267925 at *1-*2; *Crear*, 2017 WL 3233492. In dismissing the Third Suit with prejudice, the Court found it was barred by *res judicata*. *Crear*, 2017 WL 3267925, at *4-*8; *Crear*, 2017 WL 3233492. In addition, the Court denied Plaintiff's *Second Motion for Leave to File Second*

*Amended Complaint* because the proposed amended complaint, incorrectly referenced the Court's federal question jurisdiction under 28 U.S.C. § 1331, while only asserting violations of the Texas Debt Collection Act ("TDCA") and Texas Deceptive Trade Practices Act ("TDTPA"). *See Crear*, 2017 WL 3233492, at *1 (Lindsay, J.).

In August 2017, Plaintiff filed the instant *pro se* lawsuit in state court, realleging the facts that undergirded his previous civil suits. *See* Doc. 1-5. Plaintiff additionally alleges that Defendant acquired a judgment in October 2015 for possession of the Property by falsely representing to the county court that Plaintiff agreed to the judgment. Doc. 1-5 at 5. Plaintiff asserts that, as such, Defendant violated the TDCA and the TDTPA by (1) misrepresenting the character, extent, or amount of consumer debt, or misrepresenting the consumer's debt status in a judicial or government proceeding (the state foreclosure action), and (2) by using false representations or deceptive means to collect a debt. Doc. 1-5 at 5-6. Plaintiff seeks permanent injunctive relief and damages. Doc. 1-5 at 8. Defendant removed the action to this Court based on the parties' complete diversity of citizenship under 28 U.S.C. §1332, Doc. 1, and now moves to dismiss Plaintiff's Complaint, Doc. 7.

**LEGAL STANDARD**

Rule 12(b)(6) authorizes a court to dismiss a case "for failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, a plaintiff's complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facts must be pled with a certain amount of specificity; mere recitation of the elements or conclusions of law will not suffice. *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009). In ruling on a 12(b)(6) motion, courts can properly consider "documents incorporated into the complaint by reference, and matters of which a court can take

judicial notice," such as court orders. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citation omitted).

### ARGUMENTS AND ANALYSIS

Defendant argues that Plaintiff's claims are barred by *res judicata* since they could have been brought in the Third Suit.[1]  Doc. 7 at 6; Doc. 7 at 12.  Plaintiff responds that his claims are not barred by *res judicata* because in the Third Suit, the Court denied his request for leave to amend his complaint to add new state law claims due to his failure to properly plead subject matter jurisdiction. Doc. 13 at 3.  Thus, Plaintiff argues, this Court was not one of competent jurisdiction.  Doc. 13 at 3.  Plaintiff also asserts that his TDCA and TDTPA claims arise from a different "transaction" or set of facts than the Third Suit.  Doc. 13 at 5.

The doctrine of *res judicata*, or claim preclusion, "bars litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005).  A claim is barred by *res judicata* if: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Id.*  As to the first prong, the parties were identical in the Third Suit and the instant case.  The third prong is also satisfied because the court dismissed the Third Suit with prejudice.  *See Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) (holding district court's dismissal with prejudice was a final judgment on the merits).  Thus, the Court's inquiry is focused only on the second and fourth *Test Masters* prongs.

---

[1] The Court does not reach Defendant's additional ground for dismissal, as the case is completely disposed of under the doctrine of res judicata.

### A. Judgment by a Court of Competent Jurisdiction

As previously stated, Plaintiff argues that because this Court declined to permit him to raise his state law claims due to his failure to properly plead subject matter jurisdiction in the Third Suit, it is not a court of competent jurisdiction as to his TDCA and TDTPA claims. Doc. 13 at 2-3. However, as Defendant correctly asserts in its reply, Doc. 14 at 4, the Court's jurisdiction to dispose of Plaintiff's state law claims is not undermined simply because it previously denied leave to amend due to Plaintiff's failure to adequately plead a jurisdictional basis for his such claims.

Plaintiff's argument that the Court lacked subject matter jurisdiction in the Third Suit over his TDCA and TDTPA claims is wholly without merit. The Third Suit, like the instant one, was removed to this Court from a state court under 28 U.S.C. 1332, based on the parties' complete diversity of citizenship, Doc. 1 at 2-3; *Crear*, 2017 WL 3267925 at *1-*2. Plaintiff did not contest Defendant's assertions of the parties' diverse citizenship or the amount in controversy in the Third Suit, nor does he do so now. That fact illuminates the fallacy of his arguments, to-wit: (1) nothing prevented Plaintiff from alleging his TDCA and TDTPA claims along with his other state claims before the Third Suit was removed from state court; and (2) nothing prevented him from relying on the parties' diversity of citizenship—a fact he apparently conceded—to establish the Court's subject matter jurisdiction, post-removal, over the state claims alleged in his proposed amended complaint and that could have been brought at that time. "Generally, the proponents of federal-court jurisdiction carry the burden of establishing it." *Physician Hosps. of Am. v. Sebelius*, 691 F.3d 649, 652 (5th Cir. 2012).

**B. Same Claim or Cause of Action**

Federal common law governs the claim-preclusive effect of a dismissal by a federal court exercising diversity jurisdiction. *Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001). Under federal common law, a federal diversity judgment must be accorded the same preclusive effect as the state courts would in the state where the federal court sits. *Id.* As such, the Court must turn to Texas law to ascertain the preclusive effect that a state court would give to the judgment in the Federal Action. *EEOC v. Jefferson Dental Clinics, PA*, 478 F.3d 690, 694 (5th Cir. 2007).

Texas courts employ a "transactional test" in analyzing *res judicata* issues in which "a subsequent suit is barred if it arises out of the same subject matter as a previous suit, and the matter could have been litigated in the prior suit." *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 756 (5th Cir. 1996); *Citizens Ins. Co. of Am. v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007). The transactional test requires a "pragmatic" approach, "giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations." *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 396 (5th Cir. 2004) (citing Restatement (Second) of Judgments § 24). The key inquiry is whether the two cases "are based on the same nucleus of operative facts." *United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007) (citations omitted). Ultimately, *res judicata* precludes "litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Southmark Props. v. Charles House Corp.*, 742 F.2d 862, 872 (5th Cir. 1984) (citing *Brown v. Felsen*, 442 U.S. 127, 131 (1979)).

In the Third Suit, Plaintiff sought declaratory relief, alleging that Defendant's foreclosure action was barred by the statute of limitations and also asserted a fraudulent lien claim. *Crear*, 2017 WL 3267925, at *2. In the instant lawsuit, Plaintiff re-alleges the same facts as in his previous ones but adds that Defendant misrepresented information in the foreclosure action. Doc. 1-5 at 5. On the basis of the additional fact, Plaintiff argues that the instant suit involving Defendant's allegedly false representations in judicial proceedings is a separate transaction from the prior three suits involving non-judicial actions taken by Defendant prior to 2013. Doc. 13 at 4-5. In reply, Defendant asserts that the current litigation and the Third Suit arise out of the same series of transactions: Defendant's attempts to foreclose on the property and Plaintiff's attempts to prevent this action. Doc. 14 at 5.

The case *sub judice* and the Third Suit involve the same series of transactions and, thus, *res judicata* applies to preclude the current claims. Although Plaintiff asserts slightly different claims in this suit, *res judicata* still bars the action because it "arise[s] out of the same subject matter and . . . *could have been litigated* in the prior action," *see Heard v. Moore*, 101 S.W.3d 726, 728 (Tex. App.—Texarkana 2003) (emphasis in original).

Plaintiff's claims arise from the same nucleus of operative facts, namely, the transfer of the Deed of Trust to Defendant and Defendant's subsequent attempts to pursue its rights to foreclose under the Deed of Trust. *See Crear*, 2017 WL 3267925, at *7; *Crear*, 2017 WL 3233492. Similarly, Plaintiff's claims in the case sub *judice* stem from his theory that Defendant had/has no right to possess or foreclose on the Property. *See id.*; *see also Southmark Props.*, 742 F.2d at 871 (finding res judicata preclusion while noting appellants' claims alleged other acts of wrongdoing, but each resulted from or was "integrally related to" the sale of the property). Moreover, even if Defendant's alleged misrepresentation in the state foreclosure action on

October 22, 2015, Doc. 1-5 at 5, is deemed a new, additional operative fact, as Plaintiff suggests, he knew or should have known about it prior to filing the Third Suit in state court on May 3, 2016.  *Crear,* 2017 WL 3267925, at *2; Doc. 13 at 5.

      Plaintiff's claims additionally form a "convenient trial unit" as Plaintiff ultimately sought to prevent Defendant from taking possession of the Property by challenging both its non-judicial and judicial foreclosure actions.  *See Nilsen v. City of Moss Point, Miss.*, 701 F.2d 556, 560 (5th Cir. 1983) ("[O]ne who has a choice of more than one remedy for a given wrong . . . may not assert them serially, in successive actions, but must advance all at once on pain of bar").  Furthermore, although the TDCA claims could not have been litigated in the first two suits, they could have been litigated in the third.  The judicial foreclosure proceeding occurred in October 2015, Doc. 1-5 at 5, before Plaintiff filed the Third Suit in May 2016, Doc. 13 at 5.

      Plaintiff cites *Browning* in support of his argument that a claim is not barred if "it could not have been brought" due to lack of subject matter jurisdiction or the court's procedural rules.  Doc. 13 at 3; *Browning v. Navarro*, 887 F.2d 553, 558-59 (5th Cir. 1989) (citation omitted).  However, as discussed *supra*, neither a lack of subject matter jurisdiction nor the Court's procedural rules prevented Plaintiff from bringing his claims.  Plaintiff's leave to amend the complaint was denied not because the Court lacked subject matter jurisdiction, but because Plaintiff failed to sufficiently plead subject matter jurisdiction.  *See Crear*, 2017 WL 3233492, at *1.  Again, nothing prevented Plaintiff from stating such claims in his original complaint in his Original Petition or in a properly pled amended complaint.  As such, the claims are barred by *res judicata*.  *Nilsen*, 701 F.2d at 560.

## V. CONCLUSION

For the reasons stated above, Defendant's *Motion to Dismiss*, Doc. 7, should be **GRANTED** and Plaintiff's claims **DISMISSED WITH PREJUDICE**. *See McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561-62 (5th Cir. 1998) (noting that dismissal with prejudice is appropriate if it appears that no relief can be granted under any set of facts that could be proven consistent with the plaintiff's allegations).

**SO RECOMMENDED** on August 7, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

9